### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XIAOMI CORPORATION,<br><br>    Maples Corporate Services Limited<br>    Ugland House, Grand Cayman<br>    KY1-1104, Cayman Islands<br><br>                    *Plaintiff*,<br><br>    v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br><br>    1400 Defense Pentagon<br>    Washington, D.C. 20301<br><br>LLOYD J. AUSTIN III, in his official capacity<br>as Secretary of Defense,<br><br>    1000 Defense Pentagon<br>    Washington, DC 20301<br><br>U.S. DEPARTMENT OF THE TREASURY,<br><br>    1500 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20220<br><br>JANET L. YELLEN, in her official capacity as<br>Secretary of the Treasury,<br><br>    1500 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20220<br><br>                    *Defendants*. | Civil Case No. _____<br><br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

Plaintiff Xiaomi Corporation ("Xiaomi") brings this action for declaratory and injunctive relief against Defendants U.S. Department of Defense; Lloyd J. Austin III, in his official capacity as Secretary of Defense; U.S. Department of the Treasury; and Janet L. Yellen, in her official capacity as Secretary of the Treasury, and alleges as follows:

## INTRODUCTION

1.      This action challenges the Trump Administration's unlawful designation on January 14, 2021, of Plaintiff Xiaomi, a consumer electronics company, as a Communist Chinese military company ("CCMC") subject to Executive Order 13959.  As a result of that designation, U.S. persons will no longer be able to purchase publicly traded Xiaomi securities or derivatives of those securities as of March 15, 2021, and must divest their holdings by January 14, 2022.  As explained below, the designation of Xiaomi as a CCMC (the "Designation") is unlawful and should be enjoined.  By failing to provide a reasoned explanation for the Designation, and by making a designation decision that necessarily runs counter to any accurate evidence before the agencies, the Departments of Defense and Treasury engaged in arbitrary and capricious decision making, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Moreover, by failing to provide Xiaomi with notice of, or an opportunity to challenge, the basis for the Designation, Defendants have deprived Xiaomi of due process of law, in violation of the Fifth Amendment.

2.      On November 12, 2020, citing his authority under the International Emergency Economic Powers Act, then-President Trump issued Executive Order 13959.  Exec. Order No. 13959, 85 Fed. Reg. 73185 (Nov. 12, 2020) (attached as Ex. A).  As relevant here, the Order prohibits transactions by any U.S. persons in publicly traded securities of certain companies that the Department of Defense, in consultation with the Department of the Treasury, designates as a "Communist Chinese military company."  President Trump amended Executive Order 13959 on January 13, 2021.  Exec. Order No. 13974, 86 Fed. Reg. 4875 (Jan. 13, 2021) (attached as Ex. B). As amended, the Order provides that the prohibitions on transactions of CCMC securities or derivatives of those securities by U.S. persons take effect 60 days after a company is designated

as a CCMC, except that U.S. persons may continue to transact in such securities for the sole purpose of divestment for 365 days following a company's designation.

3.    Executive Order 13959, as amended, provides that its restrictions apply to CCMCs, which, as relevant here, are defined as "any person that the Secretary of Defense, in consultation with the Secretary of the Treasury, publicly lists as a Communist Chinese military company meeting the criteria in section 1237(b)(4)(B)" of the National Defense Authorization Act for Fiscal Year 1999, as amended, "and that operates directly or indirectly in the United States or any of its possessions."  Exec. Order No. 13959, 85 Fed. Reg. 73185 § 4(a)(ii) (Nov. 12, 2020), as amended by Exec. Order No. 13974, 86 Fed. Reg. 4875 § 2 (Jan. 13, 2021).  Section 1237, in turn, defines a "Communist Chinese military company" as any person that "(i) is owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China or that is owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China; and (ii) is engaged in providing commercial services, manufacturing, producing, or exporting."  50 U.S.C. § 1701 note, Pub. L. 105–261 § 1237, 112 Stat. 2160 (Oct. 17, 1998), amended by Pub. L. 106–398 § 1233, 114 Stat. 1654 (Oct. 30, 2000) and Pub. L. 108–375 § 1222, 118 Stat. 2089 (Oct. 28, 2004) (hereinafter "NDAA FY99 § 1237" or "Section 1237") (attached as Ex. C).

4.    Section 1237 directs the Department of Defense to produce a list of CCMCs no later than March 1, 2001, and to update the list on an annual basis.  The first time the agency produced such a list, however, was on June 24, 2020, when it designated twenty companies as CCMCs.  The agency issued supplemental lists on August 28, 2020, and December 3, 2020, designating fifteen additional companies. On January 14, 2021, during the final week of the Trump Administration, the Department of Defense issued another supplemental list, presumably after

consulting with the Department of the Treasury as required by the executive order, designating Xiaomi and eight other companies as CCMCs.  *See* Ex. D.

5.     The Department of Defense, in issuing the January 14, 2021 list (as with the prior lists), did not provide any explanation for its decision to designate Xiaomi as a CCMC, let alone identify the factual basis on which the Designation was based.  Nor has the agency otherwise provided Xiaomi with this information, or any opportunity to explain why the Designation was erroneous.

6.     Indeed, the designation of Xiaomi as a CCMC necessarily runs counter to any accurate evidence that was before the agencies because Xiaomi is not "owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China," or "owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China."  NDAA FY99 § 1237(b)(4)(B).  Xiaomi is a widely held, publicly traded, independently managed corporation that offers consumer electronic products solely for civilian and commercial use.  It is not owned or controlled by, or otherwise affiliated with the Chinese government or military, or owned or controlled by any entity affiliated with the Chinese defense industrial base.  Nor does the Chinese government or military, or any entity affiliated with the defense industrial base, possess the ability to exert control over the management or affairs of the company.

7.     As a result of the Department of Defense's designation of Xiaomi as a CCMC, U.S. persons will be prohibited from engaging in transactions in publicly traded Xiaomi securities as of March 15, 2021, except for transactions that are solely to divest, in whole or in part, such securities during the one-year divestment period.  As of January 14, 2022, direct or indirect possession of any Xiaomi publicly traded securities by any U.S. person is prohibited.

8.    The restrictions, once they go into effect on March 15, 2021, will cause immediate and irreparable harm to Xiaomi, including by cutting off Xiaomi's access to U.S. capital markets, interfering with the company's business relationships and ability to conduct and expand its business, and harming its reputation and goodwill among business partners and consumers, both in the United States and around the world.  Xiaomi would not be subject to these harms but for Defendants' unlawful designation of Xiaomi as a CCMC, and the resulting restrictions under Executive Order 13959.

9.    Because Xiaomi was designated by the Trump Administration's Departments of Defense and Treasury and their leadership, acting in their official capacity, Xiaomi's only recourse is to seek relief against Defendants, including the current leaders of the Defense and Treasury Departments.  Xiaomi accordingly requests declaratory and injunctive relief, preliminarily and permanently enjoining Defendants from implementing or enforcing the designation of Xiaomi as a CCMC.

## JURISDICTION AND VENUE

10.    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the United States Constitution and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

11.    The Court has authority to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*; 5 U.S.C. § 702; and the Court's inherent equitable powers.

12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1), because officers or employees of agencies of the United States acting in their official capacities and agencies of the

United States are defendants, and because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

13.     Plaintiff Xiaomi is a company headquartered in Beijing, China and incorporated in the Cayman Islands.  Through its worldwide affiliates, Xiaomi provides consumer electronic products for civilian and commercial use, including smartphones, televisions, and laptops.  The company is not owned or controlled by, or otherwise affiliated with, the Chinese government or military, nor is it owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China.

14.     Defendant U.S. Department of Defense is a Department of the Executive Branch of the United States Government and an agency within the meaning of 5 U.S.C. § 551(1).  On January 14, 2021, the Department of Defense published a list designating Xiaomi as a CCMC under Section 1237.

15.     Defendant Lloyd J. Austin III is the Secretary of Defense and the senior official at the Department of Defense.  Secretary Austin is sued in his official capacity, for conduct that occurred prior to his appointment.

16.     Defendant U.S. Department of the Treasury is a Department of the Executive Branch of the United States Government and an agency within the meaning of 5 U.S.C. § 551(1).  Executive Order 13959 required the Department of Defense to consult with the Department of the Treasury before designating Xiaomi as a CCMC.

17.     Defendant Janet L. Yellen is the Secretary of the Treasury and the senior official at the Department of the Treasury.  Secretary Yellen is sued in her official capacity, for conduct that occurred prior to her appointment.

## FACTUAL ALLEGATIONS

I.     **Xiaomi is a Consumer-Facing Electronics Company with Substantial Connections to the United States.**

18.     Xiaomi is a consumer electronics company that offers a broad range of consumer products designed for civilian and commercial use, including smartphones, TVs, laptops, wearables, smart speakers, and smart home appliances.

19.     Xiaomi was founded in April 2010 by Lei Jun,[1] Bin Lin, and several co-founding engineers, as well as two well-known venture capital firms:  Morningside Venture Capital and Qiming Venture Partners.  Lei Jun has nearly thirty years of experience as a computer engineer and is a prominent angel investor in the technology industry.  Since the company's founding, Xiaomi received nine rounds of pre-IPO funding, where its principal investors included Morningside Venture Capital, strategic partners such as Qualcomm, as well as other private investment firms such as IDG-Accel.

20.     In the decade since its inception, Xiaomi has experienced robust growth with total revenue of approximately $29.5 billion in 2019 and $25.7 billion through the end of the third quarter of 2020.  Xiaomi Ordinary Shares have been listed on the Hong Kong Stock Exchange since July 2018 and Xiaomi American Depositary Receipts ("ADRs"), which evidence Xiaomi Ordinary Shares, have traded in the United States on the NASDAQ OTC Market since 2018.  As of January 22, 2021, the company had a market capitalization of approximately $96.8 billion.  In 2019, Xiaomi made its inaugural entry into the Fortune Global 500 list, becoming the youngest company on the list.  The company is independently managed by its Board of Directors and senior management.

---

[1]     Lei Jun is identified by his family name, followed by his given name.  All other individuals in the Complaint are identified by their given name, followed by their family name.

21.     Xiaomi sells its hardware products to consumers through both online and offline retail distribution platforms.  In China, Xiaomi operates its own website and partners with major e-commerce platforms such as Alibaba and JD.com.  Xiaomi also has a sizeable offline retail network.  In overseas markets, Xiaomi partners with global e-commerce platforms, such as Amazon, as well as local retailers, such as Walmart, and operators, for product distribution.

22.     Xiaomi has substantial connections to the U.S. market.  Xiaomi has two U.S. subsidiaries and an office in California.  The company generated more than $300 million in revenue in the United States over the past five years, selling products such as electric scooters and portable power banks.  Xiaomi also purchases hardware, services, and software from companies in the United States, and, in the past three years, has spent approximately $16.2 billion in components procurements from U.S. suppliers, and approximately $1.6 billion in procurement of services and software.  Since Xiaomi's founding in 2010, Qualcomm has been one of the most important strategic partners of Xiaomi, as both an investor and key supplier.

23.     Xiaomi also has significant connections to U.S. investors.  According to a third-party shareholding analysis, as of December 31, 2020, four of Xiaomi's top ten shareholders were U.S. investors (Bin Lin and three institutional investors), and a substantial percentage of the company's outstanding ordinary shares (including ordinary shares evidenced by ADRs) were directly held by U.S. investors.  Moreover, Xiaomi worked closely with US financial institutions and raised approximately $11.2 billion in capital market transactions, which generated over $120 million revenue for them in the past three years.

## II.     Legal Framework

### A.     Section 1237 Requires the Department of Defense to Publish a List of CCMCs.

24.     Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 requires the Secretary of Defense, in consultation with the Attorney General, the Director of

Central Intelligence, and the Director of the Federal Bureau of Investigation, to identify Chinese Communist military companies that operate directly or indirectly in the United States, or any of its territories or possessions. *See* NDAA FY99 § 1237(b).

25.     The term "Chinese Communist military company" is defined as any person that "(i) is owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China or that is owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China; and (ii) is engaged in providing commercial services, manufacturing, producing, or exporting." *Id.* § 1237(b)(4)(B).  The term "People's Liberation Army" is further defined as "the land, naval, and air military services, the police, and the intelligence services of the Communist Government of the People's Republic of China, and any member of any such service or of such police." *Id.* § 1237(c).

26.     Section 1237 directs the Secretary of Defense to create a list of CCMCs no later than March 1, 2001, to be updated annually, and to provide that list to the Committee on Armed Services of the U.S. House of Representatives, the Committee on Armed Services of the U.S. Senate, the Secretary of State, the Secretary of the Treasury, the Attorney General, the Secretary of Commerce, the Secretary of Energy, and the Director of Central Intelligence.

27.     On June 24, 2020, the Department of Defense published a list that designates 20 companies as CCMCs, pursuant to Section 1237.  Plaintiff Xiaomi did not appear on this list.  This was the first time the agency published a list of CCMCs.

28.     On August 28, 2020, and December 3, 2020, the Department of Defense published two additional lists that designated fifteen more companies as CCMCs, pursuant to Section 1237. Plaintiff Xiaomi did not appear on either list.

29.     On January 14, 2021, the Department of Defense published an additional list that designated nine more companies as CCMCs, pursuant to Section 1237.  This list included Plaintiff Xiaomi.

**B.     Executive Order 13959 Prohibits Transactions By U.S. Persons in CCMC Securities.**

30.     On November 12, 2020, then-President Trump issued Executive Order 13959, which invokes the International Emergency Economic Powers Act (50 U.S.C. § 1701 *et seq.*), the National Emergencies Act (50 U.S.C. § 1601 *et seq.*), and 3 U.S.C. § 301, and declares a national emergency with respect to the "military-industrial complex" of the People's Republic of China. Exec. Order No. 13959, 85 Fed. Reg. 73185 (Nov. 12, 2020).  President Trump amended the Executive Order on January 13, 2021.  Exec. Order No. 13974, 86 Fed. Reg. 4875 (Jan. 13, 2021).

31.     As amended, Executive Order 13959 prohibits United States persons from transacting in "publicly traded securities, or any securities that are derivative of, or are designed to provide investment exposure to such securities," of any CCMC.  Exec. Order No. 13959 § 1(a), 85 Fed. Reg. 73185 (Nov. 12, 2020), as amended by Exec. Order No. 13974, 86 Fed. Reg. 4875 (Jan. 13, 2021).

32.     The Order defines "United States person" as "any United States citizen, permanent resident alien, entity organized under the laws of the United States or any jurisdiction within the United States (including foreign branches), or any person in the United States." *Id.* § 4(f).

33.     Section 4(a), as amended, defines the term "Communist Chinese military company" as "(i) any person that the Secretary of Defense has listed as a Communist Chinese military company operating directly or indirectly in the United States or in any of its territories or possessions pursuant to [Section 1237], as of the date of this order . . . until such time as the Secretary of Defense removes such person from such list"; "(ii) any person that the Secretary of

Defense, in consultation with the Secretary of the Treasury, publicly lists as a Communist Chinese military company meeting the criteria in [Section 1237] and that operates directly or indirectly in the United States or any of its possessions, until such time as the Secretary of Defense removes such person from such list"; or "(iii) any person that the Secretary of the Treasury publicly lists as meeting the criteria described in section (a)(ii) of this section, or publicly lists as a subsidiary of a person already determined to be a [CCMC], until the Secretary of the Treasury determines that such person no longer meets that criteria and removes such person from such list." *Id.* § 4(a).

34.   The effective date of the restrictions set forth in Executive Order 13959 varies depending on the date and manner in which an entity is designated a CCMC.

35.   For any entity designated under Section 4(a)(i), the Order's prohibition on transactions took effect at 9:30 a.m. EST on January 11, 2021.  However, transactions "solely to divest" in the securities of such CCMCs are permitted until November 11, 2021.  "Effective at 11:59 p.m. eastern standard time on November 11, 2021, possession of any such securities by a United States person is prohibited." *Id.* § 1(b).

36.   For any entity designated under Sections 4(a)(ii) or (4)(a)(iii), the prohibition on transactions takes effect at 9:30 a.m. EST 60 days after an entity is determined to be a CCMC.  However, transactions "solely to divest" in the securities of such CCMCs are permitted until 365 days from the date of designation.  "Effective at 11:59 p.m. eastern standard time on the date 365 days after the date of such determination, possession of any such securities by a United States person is prohibited.'' *Id.* § 1(c).

37.   The Order authorizes the Secretary of the Treasury, after consultation with the Secretary of State, the Secretary of Defense, and the Director of National Intelligence, to take actions, including the promulgation of rules and regulations, to carry out the purposes of the Order,

and to submit reports to Congress regarding the national emergency declared in the Order. *Id.* § 3.

38.     Between December 28, 2020, and January 27, 2021, the Department of Treasury's Office of Foreign Assets Control published fifteen FAQs regarding Executive Order 13959, and issued a list identifying issuers and securities tickers for CCMC securities.  Dep't of the Treasury, *Chinese Military Companies Sanctions*, https://home.treasury.gov/policy-issues/financial-sanctions/sanctions-programs-and-country-information/chinese-military-companies-sanctions.

### III.    Defendants Designate Xiaomi as a CCMC.

39.     As noted above, the Department of Defense issued a list designating Xiaomi as a CCMC on January 14, 2021, presumably after consulting with the Department of the Treasury, as required by the Executive Order.  The list is a one-page document entitled "Qualifying Entities Prepared in Response to Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 (PUBLIC LAW 105-261)," with the subtitle "Tranche 5."  *See* Ex. D.  The document lists nine companies, including Xiaomi.  There is no other information or notations included in the document.  *Id.*

40.     Prior to issuing the January 14, 2021 list, Defendants did not provide notice to Plaintiff Xiaomi that the Departments of Defense and Treasury were considering such a designation.  Nor have the Departments of Defense and Treasury provided any explanation as to why Xiaomi has been designated a CCMC or identified any material that they believe could support such a designation so that Xiaomi has an opportunity to refute it.

41.     Defendants have never provided Xiaomi an opportunity to be heard on the Designation, or to present evidence that it does not qualify as a CCMC.  Indeed, the Designation necessarily runs counter to any accurate evidence that was before the Departments of Defense and Treasury because Xiaomi is not "owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China," or "owned or controlled

by an entity affiliated with the defense industrial base of the People's Republic of China." NDAA FY99 § 1237(b)(4)(B). Rather, Xiaomi is a widely held, publicly traded, independently managed corporation that offers consumer products for civilian and commercial use. More than 75% of the voting rights in the company under a weighted voting rights structure are held by co-founders Lei Jun and Bin Lin. Xiaomi is not owned or controlled by or otherwise affiliated with the Chinese government or military, nor is it owned or controlled by any entity affiliated with the Chinese defense industrial base. A substantial number of Xiaomi's overall shareholders are U.S. persons, and as of December 31, 2020, three of its top ten holders of ordinary shares were U.S. institutional investors, consisting of BlackRock, Inc., The Vanguard Group, Inc., and State Street Corporation:

| No. | Name | % | Country | Ordinary Shares |
|-----|------|---|---------|-----------------|
| 1 | Lei Jun | 26.5% | China | 6,670,539,142 |
| 2 | Bin Lin | 9.5% | U.S. | 2,399,920,210 |
| 3 | BlackRock, Inc. | 3.0% | U.S. | 762,394,928 |
| 4 | Feng Hong (co-founder) | 2.2% | China | 561,572,709 |
| 5 | The Vanguard Group, Inc. | 1.9% | U.S. | 468,527,146 |
| 6 | Kong-Kat Wong (co-founder) | 1.8% | China | 463,484,897 |
| 7 | State Street Corporation | 1.6% | U.S. | 392,022,535 |
| 8 | HSBC Holdings | 1.2% | U.K. | 295,623,962 |
| 9 | GIC | 1.0% | Singapore | 260,769,810 |
| 10 | Wanqiang Li (co-founder) | 1.0% | China | 240,928,340 |

42.     Because the Department of Defense designated Plaintiff Xiaomi as a CCMC on January 14, 2021, Executive Order 13959 prohibits U.S. persons from transacting in Xiaomi securities or derivatives of those securities as of 9:30 a.m. EST on March 15, 2021. Divestment

transactions are permitted through January 14, 2022.  Effective at 11:59 p.m. EST on January 14, 2022, possession of any Xiaomi securities by any U.S. person is prohibited.

**IV.     Xiaomi Will Suffer Irreparable Harm as a Result of the Designation.**

43.     Xiaomi faces imminent, severe, and irreparable harm if the Designation remains in place and the restrictions take effect.  By cutting off Xiaomi from U.S. capital markets, the Designation and related restrictions will damage the company's ability to conduct, grow and finance its business, sell its products, maintain and grow its business relationships, and recruit and retain employees.

44.     The Designation and restrictions will substantially undercut Xiaomi's access to the capital on which it relies to sustain existing businesses, pursue new business opportunities, and develop new technologies.   The company's strategic relationships with U.S. financial institutions—critical for Xiaomi to continue to access the capital it needs to continue to grow in a highly competitive market—will be significantly damaged.  Moreover, the public association of Xiaomi with the Chinese military will significantly impair the company's standing with business partners and consumers, causing reputational harms that cannot be readily quantified or easily repaired.  The Designation and restrictions also will impede Xiaomi's ability to attract and retain U.S. citizen employees, who would be prohibited from receiving any compensation in the form of securities.  Additionally, the restrictions and resulting forced sale of Xiaomi's outstanding shares in a compressed time period by U.S. persons—who own a significant portion of Xiaomi's shares— will likely cause a significant diminution in the global value of the company, negatively affecting its ability to raise equity and debt capital worldwide.

45.     The Designation will also harm third-party investors—both individuals and institutions—who currently hold or plan to purchase publicly traded Xiaomi securities.  As a consequence of the Designation, U.S. persons will no longer be able to purchase publicly traded

Xiaomi securities as of March 15, 2021, and must divest of their holdings by January 14, 2022. These U.S. persons include Xiaomi employees who currently own Xiaomi securities, and at least one U.S. citizen who is an officer of the company and will be forced to divest his voting shares, thereby depriving him of any ability he has to influence corporate governance.

### CLAIMS FOR RELIEF

### Count 1: The Designation of Xiaomi as a CCMC
### Violates the Administrative Procedure Act, 5 U.S.C. § 706(2)

**(Against Defendants U.S. Department of Defense, Secretary Austin, U.S. Department of the Treasury, and Secretary Yellen)**

46.     The above paragraphs are incorporated herein by reference.

47.     The Department of Defense and the Department of the Treasury are agencies subject to the requirements of the APA.  5 U.S.C. § 701(b)(1).

48.     Defendants' designation of Xiaomi as a CCMC constitutes final agency action that is reviewable by this Court.

49.     The APA requires a reviewing court to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).

50.     Under the arbitrary and capricious standard, "the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  An agency rule is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Id.*

51.     Defendants' designation of Xiaomi as a CCMC is arbitrary and capricious because, among other things, Defendants failed to articulate a reasonable explanation for their decision. Moreover, that decision necessarily runs counter to any accurate evidence that was before the agencies, and is otherwise not in accordance with law, because Xiaomi is neither "owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China," nor "owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China," as required by Section 1237.

52.     Defendants' unlawful acts are causing and will continue to cause irreparable harm to Xiaomi and third parties.

### Count 2:  The Designation of Xiaomi as a CCMC
### Violates the Due Process Clause of the Fifth Amendment

**(Against All Defendants)**

53.     The above paragraphs are incorporated herein by reference.

54.     The Fifth Amendment to the U.S. Constitution provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The Due Process Clause of the Fifth Amendment requires that parties deprived of their property receive adequate notice and an opportunity to be heard.  *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976).

55.     Xiaomi**,** as a foreign entity that has substantial connections with the United States, is entitled to the protections of the due process clause.  *See N. Sec. Co. v. United States*, 24 S. Ct. 436, 444 (1904) ("Corporations are persons within the meaning of the constitutional provision forbidding the deprivation of property without due process of law, as well as a denial of the equal protection of the laws."); *Nat'l Council of Resistance of Iran v. Dept. of State*, 251 F.3d 192, 203 (D.C. Cir. 2001) (foreign organizations that have "entered the territory of the United States and

established substantial connections with this country . . . are entitled to the protections of the Constitution").

56.     The designation of Xiaomi as a CCMC and resulting restrictions under Executive Order 13959 deprive Xiaomi of its property and liberty rights, including its rights to access U.S. capital markets, its contractual relationships with shareholders, financial institutions, and other members of the public, its ability to effectively operate in its chosen business, and its reputation and professional goodwill.

57.     Xiaomi received no notice of the Designation before it was published on January 14, 2021, nor did Xiaomi receive any explanation for the Designation, notice of any material on which the agencies relied, or any opportunity to respond and be heard on the Designation and the restrictions imposed by Executive Order 13959.

58.     The Designation is therefore unconstitutional because it deprives Xiaomi of its liberty and property rights without due process of law.

59.     Defendants' unlawful acts are causing and will continue to cause irreparable harm to Xiaomi and third parties.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1)     Issue a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the designation of Xiaomi as a CCMC is unlawful and unconstitutional;

(2)     Issue an order vacating and setting aside the designation of Xiaomi as a CCMC, preliminarily and permanently enjoining Defendants from implementing or enforcing that designation, and preserving the status quo;

(3)     Grant any other and further relief that this Court may deem just and proper.

DATED: January 29, 2021                    Respectfully submitted,

                                            */s/ John E. Hall*

                                           John E. Hall (D.C. Bar. No. 415364)
                                           Beth S. Brinkmann (D.C. Bar. No. 477771)
                                           Alexander A. Berengaut (D.C. Bar. No. 989222)
                                           Megan A. Crowley (D.C. Bar. No. 1049027)
                                           COVINGTON & BURLING LLP
                                           One CityCenter
                                           850 Tenth Street, NW
                                           Washington, DC 20001
                                           Telephone: +1 (202) 662-6000
                                           Facsimile: + 1 (202) 778-6000
                                           Email:  jhall@cov.com
                                                   bbrinkmann@cov.com
                                                   aberengaut@cov.com
                                                   mcrowley@cov.com

                                           *Attorneys for Plaintiff*