## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

XIAOMI CORPORATION,

    Maples Corporate Services Limited
    Ugland House, Grand Cayman
    KY1-1104, Cayman Islands

BIN LIN,

    Haidian, Beijing, 100085
    China

PENG LIN,

    Mercer Island, WA, 98040
    United States

STEPHEN SEAN ENGLISH,

    Casuarina, NSW, 2487
    Australia

        *Plaintiffs*,

    v.

U.S. DEPARTMENT OF DEFENSE,

    1400 Defense Pentagon
    Washington, D.C. 20301

LLOYD J. AUSTIN III, in his official capacity
as Secretary of Defense,

    1000 Defense Pentagon
    Washington, D.C. 20301

U.S. DEPARTMENT OF THE TREASURY,

    1500 Pennsylvania Avenue, N.W.
    Washington, D.C. 20220

JANET L. YELLEN, in her official capacity as
Secretary of the Treasury,

Civil Case No. 21-cv-00280-RC

**FIRST AMENDED COMPLAINT
FOR DECLARATORY AND
INJUNCTIVE RELIEF**

1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

JOSEPH R. BIDEN JR., in his official capacity
as President of the United States,

1600 Pennsylvania Avenue, N.W.
Washington, D.C. 20500

*Defendants*.

Plaintiffs Xiaomi Corporation ("Xiaomi"), Bin Lin, Peng Lin, and Stephen Sean English bring this action for declaratory and injunctive relief against Defendants U.S. Department of Defense; Lloyd J. Austin III, in his official capacity as Secretary of Defense; U.S. Department of the Treasury; Janet L. Yellen, in her official capacity as Secretary of the Treasury; and Joseph R. Biden Jr., in his official capacity as President of the United States, and allege as follows:

## INTRODUCTION

1. This action challenges the Trump Administration's unlawful designation on January 14, 2021, of Plaintiff Xiaomi, a consumer electronics company, as a "Communist Chinese military company" ("CCMC") subject to Executive Order 13959. As a result of that designation, U.S. persons—including the individual Plaintiffs here—will no longer be able to purchase publicly traded Xiaomi securities or derivatives of those securities as of March 15, 2021, and must divest their holdings by January 14, 2022.

2. As explained below, the application of these restrictions to Xiaomi (the "Restrictions"), as well as the underlying designation of the company as a CCMC (the "Designation"), is unlawful and should be enjoined on multiple grounds. First, the Department of Defense's Designation was arbitrary and capricious and otherwise not in accordance with law, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, because the Department

failed to provide a reasoned explanation for the Designation, and its designation decision necessarily runs counter to any accurate information before the agencies and does not comply with the statutory designation criteria set forth in Section 1237(b) of the National Defense Authorization Act for Fiscal Year 1999, as amended.  Second, the Department of Defense acted in excess of statutory authority, and otherwise not in accordance with law, in violation of the APA, to the extent the agency designated Xiaomi without complying with the requirements set forth in Section 1237(b), including the requirement that the agency meaningfully consult with the Attorney General, the Director of the Central Intelligence Agency, and the Director of the Federal Bureau of Investigation before designating Xiaomi as a CCMC.  Third, the Department of Defense acted *ultra vires* and in excess of its statutory authority by designating Xiaomi as a CCMC despite Xiaomi's failure to qualify for such designation under the criteria of Section 1237(b) and without the statutory consultation required for exercise of such authority.  Fourth, the Executive Order's application of the Restrictions against Xiaomi is *ultra vires*, in excess of authority, because Xiaomi does not qualify for designation under the criteria for a CCMC set forth in Executive Order 13959. Fifth, by failing to provide Xiaomi with notice of, or an opportunity to challenge, the basis for the Designation, Defendants have deprived Xiaomi of due process of law, in violation of the Fifth Amendment of the U.S. Constitution.

3.      On November 12, 2020, citing his authority under the International Emergency Economic Powers Act, then-President Trump issued Executive Order 13959.  Exec. Order No. 13959, 85 Fed. Reg. 73185 (Nov. 12, 2020) (attached as Ex. A).  As relevant here, the Order prohibits transactions by any U.S. persons in publicly traded securities or derivatives of those securities of certain companies that the Department of Defense, in consultation with the Department of the Treasury, designates as a "Communist Chinese military company."  President

Trump amended Executive Order 13959 on January 13, 2021.  Exec. Order No. 13974, 86 Fed. Reg. 4875 (Jan. 13, 2021) (attached as Ex. B).  As amended, the Order provides that the prohibitions on transactions of CCMC securities or derivatives of those securities by U.S. persons take effect 60 days after a company is designated as a CCMC, except that U.S. persons may continue to transact in such securities for the sole purpose of divestment for 365 days following a company's designation.  The Order prohibits U.S. persons from possessing CCMC securities or derivatives of those securities following the end of this divestment period.  Exec. Order No. 13974 § 1.

4.      Executive Order 13959, as amended, provides that its restrictions apply to CCMCs, which, as relevant here, are defined as "any person that the Secretary of Defense, in consultation with the Secretary of the Treasury, publicly lists as a Communist Chinese military company meeting the criteria in section 1237(b)(4)(B)" of the National Defense Authorization Act for Fiscal Year 1999, as amended, "and that operates directly or indirectly in the United States or any of its possessions."  Exec. Order No. 13959, 85 Fed. Reg. 73185 § 4(a)(ii) (Nov. 12, 2020), as amended by Exec. Order No. 13974, 86 Fed. Reg. 4875 § 2 (Jan. 13, 2021).  Section 1237, in turn, defines a "Communist Chinese military company" as any person that "(i) is owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China or that is owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China; and (ii) is engaged in providing commercial services, manufacturing, producing, or exporting."  50 U.S.C. § 1701 note, Pub. L. 105–261 § 1237, 112 Stat. 2160 (Oct. 17, 1998), amended by Pub. L. 106–398 § 1233, 114 Stat. 1654 (Oct. 30, 2000) and Pub. L. 108–375 § 1222, 118 Stat. 2089 (Oct. 28, 2004) (hereinafter "NDAA FY99 § 1237" or "Section 1237") (attached as Ex. C).

5.      Section 1237 directs the Department of Defense, after consulting with the Attorney General, the Director of the Central Intelligence Agency, and the Director of the Federal Bureau of Investigation, to produce a list of CCMCs no later than March 1, 2001, and to update the list on an annual basis.  The first time the agency produced such a list, however, was on June 24, 2020, when it designated twenty companies as CCMCs.  The agency issued supplemental lists on August 28, 2020, and December 3, 2020, designating fifteen additional companies.  On January 14, 2021, during the final week of the Trump Administration, the Department of Defense issued another supplemental list, presumably after consulting with the Department of the Treasury as required by the Executive Order, designating Xiaomi and eight other companies as CCMCs.  *See* Ex. D.

6.      The Department of Defense, in issuing the January 14, 2021 list (as with the prior lists), did not provide any explanation for its decision to designate Xiaomi as a CCMC, let alone identify the factual basis on which the Designation was based.  Nor has the agency otherwise provided Xiaomi with this information, or any opportunity to explain why the Designation was erroneous.

7.      Indeed, the designation of Xiaomi as a CCMC necessarily runs counter to any accurate information that was before the agencies because Xiaomi is not "owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China," or "owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China."  NDAA FY99 § 1237(b)(4)(B).  For similar reasons, the Designation is contrary to law and in excess of statutory authority because Section 1237 authorizes the Department of Defense to designate an entity as a CCMC only if the entity meets the statutory criteria set forth in Section 1237(b)(4)(B), which Xiaomi does not.

8.     Xiaomi is a widely held, publicly traded, independently managed corporation that offers consumer electronic products solely for civilian and commercial use.  It is not owned or controlled by, or otherwise affiliated with the Chinese government or military, or owned or controlled by any entity affiliated with the Chinese defense industrial base.  Nor does the Chinese government or military, or any entity affiliated with the defense industrial base, possess the ability to exert control over the management or affairs of the company.

9.     As a result of the Department of Defense's designation of Xiaomi as a CCMC, U.S. persons will be prohibited from engaging in transactions in publicly traded Xiaomi securities or derivatives of those securities ("Xiaomi securities") as of March 15, 2021, except for transactions that are solely to divest, in whole or in part, such securities during the one-year divestment period. As of January 14, 2022, direct or indirect possession of any Xiaomi securities by any U.S. person is prohibited.

10.     The Restrictions, once they go into effect on March 15, 2021, will cause immediate and irreparable harm to Xiaomi, including by cutting off the company's access to U.S. capital markets, interfering with its business relationships and ability to conduct and expand its business, and harming its reputation and goodwill among business partners and consumers, both in the United States and around the world.  The Restrictions will also prohibit the individual Plaintiffs from purchasing additional Xiaomi securities after March 15, 2021, and will force them to divest their holdings of Xiaomi securities by January 14, 2022, causing them harm.  Plaintiffs would not be subject to these harms but for Defendants' unlawful designation of Xiaomi as a CCMC, and the resulting Restrictions under Executive Order 13959.

11.     Because Xiaomi was designated by the Trump Administration's Departments of Defense and Treasury and their leadership, acting in their official capacity, Xiaomi's only recourse

is to seek relief against Defendants, including the current leaders of the Defense and Treasury Departments.  Xiaomi accordingly requests declaratory and injunctive relief, preliminarily and permanently enjoining Defendants from implementing or enforcing the designation of Xiaomi as a CCMC and the related Restrictions set forth in Executive Order 13959.

## JURISDICTION AND VENUE

12.    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the United States Constitution and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

13.    The Court has authority to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*; 5 U.S.C. § 702; and the Court's inherent equitable powers.

14.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1), because officers or employees of agencies of the United States acting in their official capacities and agencies of the United States are defendants, and because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

15.    Plaintiff Xiaomi is a company headquartered in Beijing, China and incorporated in the Cayman Islands.  Through its worldwide affiliates, Xiaomi provides consumer electronic products for civilian and commercial use, including smartphones, televisions, and laptops.  The company is not owned or controlled by, or otherwise affiliated with, the Chinese government or

military, nor is it owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China.

16.     Plaintiff Bin Lin is a United States citizen and one of the co-founders of Xiaomi Corporation.  Bin Lin currently serves as Deputy Chairman of the Board of the company.  Bin Lin beneficially owns more than 400 million Class A shares and more than 1.9 billion Class B shares of Xiaomi Corporation.  The Designation and Restrictions will prohibit Bin Lin from purchasing or acquiring any additional Xiaomi securities as of March 15, 2021, and will require him to fully divest his holdings of Xiaomi securities by January 14, 2022.

17.     Plaintiff Peng Lin is a United States citizen and an employee of a U.S. subsidiary of Xiaomi Corporation.  As an employee of Xiaomi since 2016, he has been a beneficiary of the Xiaomi Corporation employee benefit plan, which regularly awards employees Xiaomi stock options and restricted stock units ("RSUs"), and grants of Xiaomi Class B shares.  Stock options give an employee the right, but not the obligation, to buy company stock at an agreed upon price on or after a specified date.  RSUs are shares of company stock that are delivered to the employee but that may not be transferred until a vesting period expires.  Both stock options and RSUs are a form of compensation issued by an employer to an employee in the form of company shares, or the equivalent in cash, and in either case are delivered to the employee after vesting and any other conditions are satisfied.  RSUs are issued to an employee through a vesting plan and distribution schedule after achieving required performance milestones or upon remaining with his or her employer for a particular length of time.  Employee benefit plans that incorporate these types of performance-based awards are common in the global technology sector, and Xiaomi's plan is key to its ability to recruit and retain a talented workforce in a highly competitive sector.  As a result

of the Designation and Restrictions, Peng Lin will no longer be able to purchase or vest Xiaomi securities as of March 15, 2021, and must divest his holdings by January 14, 2022.

18.     Plaintiff Stephen Sean English is a United States citizen and an employee of a U.S. subsidiary of Xiaomi Corporation.   As an employee of Xiaomi since 2016, he has been a beneficiary of the Xiaomi Corporation employee benefit plan, which regularly awards employees Xiaomi stock options and RSUs.   As a result of the Designation and Restrictions, Stephen Sean English will no longer be able to purchase or vest Xiaomi securities as of March 15, 2021, and must divest his holdings by January 14, 2022.

19.     Defendant U.S. Department of Defense is a Department of the Executive Branch of the United States Government and an agency within the meaning of 5 U.S.C. § 551(1).   On January 14, 2021, the Department of Defense published a list designating Xiaomi as a CCMC under Section 1237.

20.     Defendant Lloyd J. Austin III is the Secretary of Defense and the senior official at the Department of Defense.   Secretary Austin is sued in his official capacity, for conduct that occurred prior to his appointment.

21.     Defendant U.S. Department of the Treasury is a Department of the Executive Branch of the United States Government and an agency within the meaning of 5 U.S.C. § 551(1). Executive Order 13959 required the Department of Defense to consult with the Department of the Treasury before designating Xiaomi as a CCMC.   The Order also authorizes the Secretary of the Treasury, after consultation with the Secretary of State, the Secretary of Defense, and the Director of National Intelligence, to take actions, including the promulgation of rules and regulations, to carry out the purposes of the Order, including by establishing licensing procedures.   Between

December 28, 2020, and January 27, 2021, the Department of the Treasury's Office of Foreign Assets Control published fifteen FAQs regarding Executive Order 13959.

22.     Defendant Janet L. Yellen is the Secretary of the Treasury and the senior official at the Department of the Treasury.  Secretary Yellen is sued in her official capacity, for conduct that occurred prior to her appointment.

23.     Defendant Joseph R. Biden Jr. is the President of the United States, and is sued in his official capacity, for conduct by then-President Trump that occurred prior to President Biden's inauguration.

## FACTUAL ALLEGATIONS

**I.      Xiaomi is a Consumer-Facing Electronics Company with Substantial Connections to the United States.**

24.     Xiaomi is a consumer electronics company that offers a broad range of consumer products designed for civilian and commercial use, including smartphones, TVs, laptops, wearables, smart speakers, and smart home appliances.

25.     Xiaomi was founded in April 2010 by Lei Jun,[1] Bin Lin, and several co-founding engineers, as well as two well-known venture capital firms:  Morningside Venture Capital and Qiming Venture Partners.  Lei Jun has nearly thirty years of experience as a computer engineer and is a prominent angel investor in the technology industry.  Since the company's founding, Xiaomi received nine rounds of pre-IPO funding, where its principal investors included Morningside Venture Capital, strategic partners such as Qualcomm, as well as other private investment firms such as IDG-Accel.

---

[1]      Lei Jun is identified by his family name, followed by his given name.  All other individuals in the Complaint are identified by their given name, followed by their family name.

26.     In the decade since its inception, Xiaomi has experienced robust growth with total revenue of approximately $29.5 billion in 2019 and $25.7 billion through the end of the third quarter of 2020.  Xiaomi Ordinary Shares have been listed on the Hong Kong Stock Exchange since July 2018 and Xiaomi American Depositary Receipts ("ADRs"), which evidence Xiaomi Ordinary Shares, have traded in the United States on the NASDAQ OTC Market since 2018.  As of January 22, 2021, the company had a market capitalization of approximately $96.8 billion.  In 2019, Xiaomi made its inaugural entry into the Fortune Global 500 list, becoming the youngest company on the list.  The company is independently managed by its Board of Directors and senior management.

27.     Xiaomi sells its hardware products to consumers through both online and offline retail distribution platforms.  In China, Xiaomi operates its own website and partners with major e-commerce platforms such as Alibaba and JD.com.  Xiaomi also has a sizeable offline retail network.   In overseas markets, Xiaomi partners with global e-commerce platforms, such as Amazon, as well as local retailers, such as Walmart, and operators, for product distribution.

28.     Xiaomi has substantial connections to the U.S. market.  Xiaomi has two U.S. subsidiaries and an office in California.  The company generated more than $300 million in revenue in the United States over the past five years, selling products such as electric scooters and portable power banks.  Xiaomi also purchases hardware, services, and software from companies in the United States, and, in the past three years, has spent approximately $16.2 billion in components procurements from U.S. suppliers, and approximately $1.6 billion in procurement of services and software.  Since Xiaomi's founding in 2010, Qualcomm has been one of the most important strategic partners of Xiaomi, as both an investor and key supplier.

29.     Xiaomi also has significant connections to U.S. investors.  According to a third-party shareholding analysis, as of December 31, 2020, four of Xiaomi's top ten shareholders were U.S. investors (Bin Lin and three institutional investors), and a substantial percentage of the company's outstanding ordinary shares (including ordinary shares evidenced by ADRs) were directly held by U.S. investors.  Moreover, Xiaomi worked closely with U.S. financial institutions and raised approximately $11.2 billion in capital market transactions, which generated over $120 million in revenue for those financial institutions in the past three years.

## II.    Legal Framework

### A.    Section 1237 Requires the Department of Defense to Publish a List of CCMCs.

30.     Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 requires the Secretary of Defense to identify Chinese Communist military companies that operate directly or indirectly in the United States, or any of its territories or possessions.  *See* NDAA FY99 § 1237(b).  The statute authorizes the Secretary to exercise such authority only if he consults with the Attorney General, the Director of the Central Intelligence Agency, and the Director of the Federal Bureau of Investigation in carrying out such designations and only if an entity meets the statutory criteria for constituting a CCMC.  *Id.*

31.     The term "Chinese Communist military company" is defined as any person that "(i) is owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China or that is owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China; and (ii) is engaged in providing commercial services, manufacturing, producing, or exporting."  *Id.* § 1237(b)(4)(B).  The term "People's Liberation Army" is further defined as "the land, naval, and air military services, the police, and the intelligence services of the Communist Government of the People's Republic of China, and any member of any such service or of such police."  *Id.* § 1237(c).

32.     Section 1237 directs the Secretary of Defense to create a list of CCMCs no later than March 1, 2001, to be updated annually, and to provide that list to the Committee on Armed Services of the U.S. House of Representatives, the Committee on Armed Services of the U.S. Senate, the Secretary of State, the Secretary of the Treasury, the Attorney General, the Secretary of Commerce, the Secretary of Energy, and the Director of the Central Intelligence Agency.

33.     On June 24, 2020, the Department of Defense published a list that designates 20 companies as CCMCs, pursuant to Section 1237.  Plaintiff Xiaomi did not appear on this list.  This was the first time the agency published a list of CCMCs.

34.     On August 28, 2020, and December 3, 2020, the Department of Defense published two additional lists that designated fifteen more companies as CCMCs, pursuant to Section 1237. Plaintiff Xiaomi did not appear on either list.

35.     On January 14, 2021, the Department of Defense published an additional list that designated nine more companies as CCMCs, pursuant to Section 1237.  This list included Plaintiff Xiaomi.

**B.     Executive Order 13959 Prohibits Transactions By U.S. Persons in CCMC Securities.**

36.     On November 12, 2020, then-President Trump issued Executive Order 13959, which invokes the International Emergency Economic Powers Act (50 U.S.C. § 1701 *et seq.*), the National Emergencies Act (50 U.S.C. § 1601 *et seq.*), and 3 U.S.C. § 301, and declares a national emergency with respect to the "military-industrial complex" of the People's Republic of China. Exec. Order No. 13959, 85 Fed. Reg. 73185 (Nov. 12, 2020).  President Trump amended the Executive Order on January 13, 2021.  Exec. Order No. 13974, 86 Fed. Reg. 4875 (Jan. 13, 2021).

37.     As amended, Executive Order 13959 prohibits United States persons from transacting in "publicly traded securities, or any securities that are derivative of, or are designed

to provide investment exposure to such securities," of any CCMC.  Exec. Order No. 13959 § 1(a), 85 Fed. Reg. 73185 (Nov. 12, 2020), as amended by Exec. Order No. 13974, 86 Fed. Reg. 4875 (Jan. 13, 2021).

38.     The Order defines "United States person" as "any United States citizen, permanent resident alien, entity organized under the laws of the United States or any jurisdiction within the United States (including foreign branches), or any person in the United States."  *Id.* § 4(f).

39.     Section 4(a), as amended, defines the term ''Communist Chinese military company'' as "(i) any person that the Secretary of Defense has listed as a Communist Chinese military company operating directly or indirectly in the United States or in any of its territories or possessions pursuant to [Section 1237], as of the date of this order . . . until such time as the Secretary of Defense removes such person from such list"; "(ii) any person that the Secretary of Defense, in consultation with the Secretary of the Treasury, publicly lists as a Communist Chinese military company meeting the criteria in [Section 1237] and that operates directly or indirectly in the United States or any of its possessions, until such time as the Secretary of Defense removes such person from such list"; or "(iii) any person that the Secretary of the Treasury publicly lists as meeting the criteria described in section (a)(ii) of this section, or publicly lists as a subsidiary of a person already determined to be a [CCMC], until the Secretary of the Treasury determines that such person no longer meets that criteria and removes such person from such list."  *Id.* § 4(a).

40.     The effective date of the restrictions set forth in Executive Order 13959 varies depending on the date and manner in which an entity is designated a CCMC.

41.     For any entity designated under Section 4(a)(i), the Order's prohibition on transactions took effect at 9:30 a.m. EST on January 11, 2021.  However, transactions "solely to divest" in the securities of such CCMCs are permitted until November 11, 2021.  "Effective at

11:59 p.m. eastern standard time on November 11, 2021, possession of any such securities by a United States person is prohibited." *Id.* § 1(b).

42.     For any entity designated under Sections 4(a)(ii) or (4)(a)(iii), the prohibition on transactions takes effect at 9:30 a.m. EST 60 days after an entity is determined to be a CCMC. However, transactions "solely to divest" in the securities of such CCMCs are permitted until 365 days from the date of designation.  "Effective at 11:59 p.m. eastern standard time on the date 365 days after the date of such determination, possession of any such securities by a United States person is prohibited.'' *Id.* § 1(c).

43.     The Order authorizes the Secretary of the Treasury, after consultation with the Secretary of State, the Secretary of Defense, and the Director of National Intelligence, to take actions, including the promulgation of rules and regulations, to carry out the purposes of the Order, and to submit reports to Congress regarding the national emergency declared in the Order. *Id.* § 3.

44.     Between December 28, 2020, and January 27, 2021, the Department of Treasury's Office of Foreign Assets Control published fifteen FAQs regarding Executive Order 13959, and issued a list identifying issuers and securities tickers for CCMC securities.  Dep't of the Treasury, *Chinese Military Companies Sanctions*, https://home.treasury.gov/policy-issues/financial-sanctions/sanctions-programs-and-country-information/chinese-military-companies-sanctions.

## III.     Defendants Designate Xiaomi as a CCMC.

45.     As noted above, the Department of Defense issued a list designating Xiaomi as a CCMC on January 14, 2021, presumably after consulting with the Department of the Treasury, as required by the Executive Order.  The list is a one-page document entitled "Qualifying Entities Prepared in Response to Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 (PUBLIC LAW 105-261)," with the subtitle "Tranche 5."  *See* Ex. D.  The document lists

nine companies, including Xiaomi.  There is no other information or notations included in the document.  *Id.*

46.     Prior to issuing the January 14, 2021 list, Defendants did not provide notice to Plaintiffs that the Departments of Defense and Treasury were considering such a designation.  Nor have the Departments of Defense and Treasury provided any explanation as to why Xiaomi has been designated a CCMC or identified any material that they believe could support such a designation so that Plaintiffs have an opportunity to refute it.

47.     Defendants have never provided Plaintiffs an opportunity to be heard on the Designation, or to present evidence that Xiaomi does not qualify as a CCMC.  Indeed, the Designation necessarily runs counter to any accurate information that was before the Departments of Defense and Treasury, and does not comply with the designation criteria set forth in Section 1237, because Xiaomi is not "owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China," or "owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China."  NDAA FY99 § 1237(b)(4)(B).

48.     Rather, Xiaomi is a widely held, publicly traded, independently managed corporation that offers consumer products for civilian and commercial use.  More than 75% of the voting rights in the company are held under a weighted voting rights structure by co-founders Lei Jun and Bin Lin.  Xiaomi is not owned or controlled by or otherwise affiliated with the Chinese government or military, nor is it owned or controlled by any entity affiliated with the Chinese defense industrial base.  A substantial number of Xiaomi's overall shareholders are U.S. persons, and as of December 31, 2020, three of its top ten holders of ordinary shares were U.S. institutional investors, consisting of BlackRock, Inc., The Vanguard Group, Inc., and State Street Corporation:

| No. | Name | % | Country | Ordinary Shares |
|---|---|---|---|---|
| 1 | Lei Jun | 26.5% | China | 6,670,539,142 |
| 2 | Bin Lin | 9.5% | U.S. | 2,399,920,210 |
| 3 | BlackRock, Inc. | 3.0% | U.S. | 762,394,928 |
| 4 | Feng Hong (co-founder) | 2.2% | China | 561,572,709 |
| 5 | The Vanguard Group, Inc. | 1.9% | U.S. | 468,527,146 |
| 6 | Kong-Kat Wong (co-founder) | 1.8% | China | 463,484,897 |
| 7 | State Street Corporation | 1.6% | U.S. | 392,022,535 |
| 8 | HSBC Holdings | 1.2% | U.K. | 295,623,962 |
| 9 | GIC | 1.0% | Singapore | 260,769,810 |
| 10 | Wanqiang Li (co-founder) | 1.0% | China | 240,928,340 |

49.     Presuming that the Department of Defense consulted with the Department of the Treasury, as Executive Order 13959 requires, it nevertheless acted in excess of its authority to the extent the agency designated Xiaomi without complying with the requirements set forth in Section 1237(b), including the requirement that the agency meaningfully consult with the Attorney General, the Director of the Central Intelligence Agency, and the Director of the Federal Bureau of Investigation before designating Xiaomi as a CCMC.  *See* NDAA FY99 § 1237(b).  Meaningful consultation with those entities necessarily would have undermined any designation of Xiaomi as a CCMC because accurate information would demonstrate that Xiaomi is not "owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China," or "owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China."  *Id.*

50.     Because the Department of Defense designated Plaintiff Xiaomi as a CCMC on January 14, 2021, Executive Order 13959 prohibits U.S. persons from transacting in Xiaomi

securities or derivatives of those securities as of 9:30 a.m. EST on March 15, 2021.  Divestment

transactions are permitted through January 14, 2022.  Effective at 11:59 p.m. EST on January 14,

2022, possession of any Xiaomi securities by any U.S. person is prohibited.

**IV.  Plaintiffs Will Suffer Irreparable Harm as a Result of the Designation and Restrictions.**

51.    Plaintiffs face imminent, severe, and irreparable harm if the Designation remains

in place and the Restrictions take effect.

52.    By cutting off Plaintiff Xiaomi from U.S. capital markets, the Designation and

Restrictions will damage the company's ability to conduct, grow and finance its business, sell its

products, maintain and grow its business relationships, and recruit and retain employees.  The

Designation and Restrictions will substantially undercut Xiaomi's access to the capital on which

it relies to sustain existing businesses, pursue new business opportunities, and develop new

technologies.  The company's strategic relationships with U.S. financial institutions—critical for

Xiaomi to continue to access the capital it needs to continue to grow in a highly competitive

market—will be significantly damaged.  Moreover, the public association of Xiaomi with the

Chinese military will significantly impair the company's standing with business partners and

consumers, causing reputational harms that cannot be readily quantified or easily repaired.  The

Designation and Restrictions also will impede Xiaomi's ability to attract and retain U.S. citizen

employees, who would be prohibited from receiving any compensation in the form of securities.

Additionally, the Restrictions and resulting forced sale of Xiaomi's outstanding shares in a

compressed time period by U.S. persons—who own a significant portion of Xiaomi's shares—will

likely cause a significant diminution in the global value of the company, negatively affecting its ability to raise equity and debt capital worldwide.

53.     The Designation and Restrictions also will cause imminent, severe, and irreparable harm to Plaintiffs Bin Lin, Peng Lin, and Stephen Sean English.  As of March 15, 2021, these individuals will be prohibited from purchasing Xiaomi securities, and, at least as a practical matter, will not be able to receive compensation in the form of Xiaomi shares or options in the future. And no later than January 14, 2022, these individuals must divest their holdings of Xiaomi securities, a requirement that will force them to sell off shares under a compressed timeframe at a time when all other U.S. persons would be required to divest their shares—market conditions that would depress Xiaomi's stock price and result in a lower realization for all shareholders forced to sell their shares.

54.     The Designation and Restrictions will also harm other third-party investors—both individuals and institutions—who currently hold or plan to purchase publicly traded Xiaomi securities.  As a consequence of the Designation and Restrictions, U.S. persons will no longer be able to purchase publicly traded Xiaomi securities as of March 15, 2021, and must divest their holdings by January 14, 2022.

## CLAIMS FOR RELIEF

### Count 1:  The Designation of Xiaomi as a CCMC
### Violates the Administrative Procedure Act, 5 U.S.C. § 706(2)

### (Against Defendants U.S. Department of Defense, Secretary Austin,
### U.S. Department of the Treasury, and Secretary Yellen)

55.     The above paragraphs are incorporated herein by reference.

56.     The Department of Defense and the Department of the Treasury are agencies subject to the requirements of the APA.  5 U.S.C. § 701(b)(1).

57.     Defendants' designation of Xiaomi as a CCMC constitutes final agency action that is reviewable by this Court.

58.     The APA requires a reviewing court to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," "contrary to constitutional right," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or "without observance of procedure required by law."  5 U.S.C. § 706(2)(A)-(D).

59.     Under the arbitrary and capricious standard, "the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  An agency rule is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Id.*

60.     Defendants' designation of Xiaomi as a CCMC is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with law because, among other things, Defendants failed to articulate a reasonable explanation for their decision.  Moreover, that decision necessarily runs counter to any accurate information that was before the agencies and is not in accordance with law because Xiaomi does not qualify for designation under Section 1237 because it is not "owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China," nor "owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China."   NDAA FY99 § 1237(b)(4)(B).

61.     Defendants' unlawful acts are causing and will continue to cause irreparable harm to Xiaomi and third parties.

**Count 2:  The Designation of Xiaomi as a CCMC
Violates the Administrative Procedure Act, 5 U.S.C. § 706(2)**

**(Against Defendants U.S. Department of Defense, Secretary Austin,
U.S. Department of the Treasury, and Secretary Yellen)**

62.     The above paragraphs are incorporated herein by reference.

63.     The Department of Defense and the Department of the Treasury are agencies subject to the requirements of the APA.  5 U.S.C. § 701(b)(1).

64.     The APA requires a reviewing court to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," "contrary to constitutional right," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or "without observance of procedure required by law."  5 U.S.C. § 706(2)(A)-(D).

65.     Defendants' designation of Xiaomi as a CCMC constitutes final agency action that is reviewable by this Court.

66.     Section 1237 authorizes the Secretary of Defense to identify Chinese Communist military companies that operate directly or indirectly in the United States, or any of its territories or possessions.  *See* NDAA FY99 § 1237(b).  In order to exercise that authority, the Department of Defense must consult with the Attorney General, the Director of the Central Intelligence Agency, and the Director of the Federal Bureau of Investigation, in carrying out such authority. *Id.*

67.     To the extent that the Department of Defense failed to comply with the requirements for exercise of its authority set forth in Section 1237, including the agency's obligation to consult with the Attorney General, the Director of the Central Intelligence Agency, and the Director of the Federal Bureau of Investigation in carrying out its authority and designating

Xiaomi as a CCMC, Defendants' designation of Xiaomi as a CCMC is not in accordance with law, in excess of statutory authority, and without observance of procedure required by law, all in violation of the APA.  *See* NDAA FY99 § 1237(b).

68.     Defendants' unlawful acts are causing and will continue to cause irreparable harm to Xiaomi and third parties.

### Count 3:  The Designation of Xiaomi as a CCMC was *Ultra Vires*, in Excess of the Agency's Statutory Authority

### (Against Defendants U.S. Department of Defense, Secretary Austin, U.S. Department of the Treasury, and Secretary Yellen)

69.     The above paragraphs are incorporated herein by reference.

70.     Section 1237 sets forth a specified and exclusive procedure in order for the Department of Defense to exercise its statutory authority to designate an entity as a CCMC.  As discussed above, Defendants' designation of Xiaomi exceeded the authority granted to the Defense Department under the statute, both because Xiaomi fails to qualify for such agency designation under the criteria of Section 1237 and because the Defense Department did not consult with the other agencies as mandated by Congress in order to exercise authority to designate entities according to Section 1237.

71.     Defendants' designation of Xiaomi as a CCMC was accordingly *ultra vires* and in excess of the Defense Department's statutory authority.

72.     Defendants' unlawful acts are causing and will continue to cause irreparable harm to Plaintiffs and third parties.

**Count 4:  The Restrictions in Executive Order 13959 are**
***Ultra Vires* to the Extent they are Applied to Xiaomi**

**(Against All Defendants)**

73.    The above paragraphs are incorporated herein by reference.

74.    Executive Order 13959, as amended, provides that its restrictions apply to CCMCs, which, as relevant here, are defined as "any person that the Secretary of Defense, in consultation with the Secretary of the Treasury, publicly lists as a Communist Chinese military company meeting the criteria in section 1237(b)(4)(B)" of the National Defense Authorization Act for Fiscal Year 1999, as amended, "and that operates directly or indirectly in the United States or any of its possessions."  Exec. Order No. 13959, 85 Fed. Reg. 73185 § 4(a)(ii) (Nov. 12, 2020), as amended by Exec. Order No. 13974, 86 Fed. Reg. 4875 § 2 (Jan. 13, 2021).

75.    To the extent that the Restrictions are applied against Xiaomi, that action would exceed the authority that the Executive Order grants the Executive Branch because Xiaomi does not qualify for such designation under the criteria for a CCMC set forth in Executive Order 13959.

76.    Defendants' unlawful acts are causing and will continue to cause irreparable harm to Plaintiffs and third parties.

**Count 5:  The Designation of Xiaomi as a CCMC and the**
**Restrictions in Executive Order 13959**
**Violate the Due Process Clause of the Fifth Amendment**

**(Against All Defendants)**

77.    The above paragraphs are incorporated herein by reference.

78.    The Fifth Amendment to the U.S. Constitution provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The Due Process Clause of the Fifth Amendment requires that parties deprived of their property receive

adequate notice and an opportunity to be heard.  *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976).

79.     The individual Plaintiffs, as U.S. citizens, are entitled to the protections of the due process clause.  Plaintiff Xiaomi**,** as a foreign entity that has substantial connections with the United States, also is entitled to the protections of the due process clause.  *See N. Sec. Co. v. United States*, 24 S. Ct. 436, 444 (1904) ("Corporations are persons within the meaning of the constitutional provision forbidding the deprivation of property without due process of law, as well as a denial of the equal protection of the laws."); *Nat'l Council of Resistance of Iran v. Dept. of State*, 251 F.3d 192, 203 (D.C. Cir. 2001) (foreign organizations that have "entered the territory of the United States and established substantial connections with this country . . . are entitled to the protections of the Constitution").

80.     The designation of Xiaomi as a CCMC and resulting Restrictions under Executive Order 13959 deprive Xiaomi of its property and liberty rights, including its rights to access U.S. capital markets, its contractual relationships with shareholders, financial institutions, and other members of the public, its ability to effectively operate in its chosen business, and its reputation and professional goodwill.

81.     The designation of Xiaomi as a CCMC and resulting Restrictions under Executive Order 13959 deprive the individual Plaintiffs of their ability to transact in or possess Xiaomi securities, and their ability to participate in Xiaomi's corporate governance.

82.     Plaintiffs received no notice of the Designation before it was published on January 14, 2021, nor did they receive any explanation for the Designation, notice of any material on which the agencies relied, or any opportunity to respond and be heard on the Designation and the Restrictions imposed by Executive Order 13959.

83.   The Designation and Restrictions are therefore unconstitutional because they deprive Plaintiffs of their liberty and property rights without due process of law.

84.   Defendants' unlawful acts are causing and will continue to cause irreparable harm to Plaintiffs and third parties.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

(1)   Issue a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the designation of Xiaomi as a CCMC is unlawful and unconstitutional;

(2)   Issue a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Executive Order 13959, as applied against Xiaomi, is unlawful and unconstitutional;

(3)   Issue an order vacating and setting aside the designation of Xiaomi as a CCMC, preliminarily and permanently enjoining Defendants from implementing or enforcing that designation, and preserving the status quo;

(4)   Issue an order invalidating Executive Order 13959 as applied against Xiaomi, preliminarily and permanently enjoining Defendants from implementing or enforcing Executive Order 13959 against Xiaomi, and preserving the status quo;

(5)   Grant any other and further relief that this Court may deem just and proper.

DATED: February 5, 2021                    Respectfully submitted,

                                            */s/ John E. Hall*

                                           John E. Hall (D.C. Bar. No. 415364)
                                           Beth S. Brinkmann (D.C. Bar. No. 477771)
                                           Alexander A. Berengaut (D.C. Bar. No. 989222)
                                           Megan A. Crowley (D.C. Bar. No. 1049027)
                                           COVINGTON & BURLING LLP
                                           One CityCenter
                                           850 Tenth Street, NW
                                           Washington, DC 20001

Telephone: +1 (202) 662-6000
Facsimile: + 1 (202) 778-6000
Email:  jhall@cov.com
          bbrinkmann@cov.com
          aberengaut@cov.com
          mcrowley@cov.com

*Attorneys for Plaintiffs*