UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XIAOMI CORPORATION, et al.,<br><br>                    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF DEFENSE, et al.,<br><br>                    Defendants. | Case No. 1:21-cv-00280-RC |

**PLAINTIFFS' UNOPPOSED MOTION FOR
LEAVE TO FILE SUPPLEMENTAL DECLARATION**

Plaintiffs Xiaomi Corporation ("Xiaomi"), Bin Lin, Peng Lin, and Stephen Sean English respectfully seek leave under Local Civil Rule 65.1(c) to file a supplemental declaration with exhibits in support of Plaintiffs' Reply Memorandum in Support of a Motion for a Preliminary Injunction.  Pursuant to Local Civil Rule 7(m), counsel for Plaintiffs have discussed this motion with counsel for Defendants, who do not oppose the motion, but reserve the right to seek leave of Court to file a sur-reply responding to the supplemental declaration, which Plaintiffs have indicated they would not oppose.  The supplemental declaration, which is attached as an exhibit to this motion, is narrowly tailored to provide evidence on two issues relevant to this Court's consideration of Plaintiffs' motion for preliminary injunction.  Plaintiffs could not (or could not reasonably) have included this evidence with their opening brief.

*First*, the supplemental declaration provides information regarding the Department of Defense's stated rationale for designating Xiaomi as a Communist Chinese military company (the "Designation")—a rationale the Government provided to Plaintiffs for the first time with its opposition brief, *see* ECF No. 16 at 14–16.  Specifically, the supplemental declaration and

exhibits explain why neither Xiaomi's investment in the new fifth-generation ("5G") standard for wireless networks and artificial-intelligence ("AI") technology (both of which are vital to providing up-to-date consumer electronics products), nor the fact that Xiaomi founder Lei Jun was one of 100 individuals to receive the "Outstanding Builders of Socialism with Chinese Characteristics" award in 2019 rationally support the conclusion that Xiaomi is "affiliated" with the People's Liberation Army or a Chinese government ministry.  This additional evidence underscores why Plaintiffs are likely to succeed on their APA and *ultra vires* claims.

*Second*, the supplemental declaration provides information regarding harms that Plaintiffs have suffered since filing their opening motion as a result of Defendants' conduct.  As explained in the declaration, because of the Designation and related restrictions, several of Xiaomi's business partners have suspended business relationships with the company, a senior Xiaomi employee has left the company, and multiple financial institutions have suspended trading in (and announced the early termination of) derivatives linked to Xiaomi shares.  This additional evidence further supports Plaintiffs' showing that they will be irreparably harmed by the Designation and Restrictions absent preliminary injunctive relief.

Plaintiffs could not (or could not reasonably) have presented this evidence to the Court at the time they filed their opening brief.  And consideration of the supplemental declaration will not prejudice the government, as reflected by its non-opposition to this motion.  If the government concludes that a written response to this declaration is necessary, it may move this Court for leave to file such a response, and Plaintiffs have indicated that they would not oppose such a request. *See, e.g.*, *Vo Van Chau v. U.S. Dep't of State*, 891 F. Supp. 650, 658 (D.D.C. 1995) (granting leave to file supplemental evidence in same circumstances).

A proposed order is attached.

DATED: March 5, 2021				Respectfully submitted,

                                                                          /s/ John E. Hall

John E. Hall (D.C. Bar No. 415364)
Beth S. Brinkmann (D.C. Bar No. 477771)
Alexander A. Berengaut (D.C. Bar No. 989222)
Megan A. Crowley (D.C. Bar No. 1049027)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: +1 (202) 662-6000
Facsimile: + 1 (202) 778-6000
Email:  jhall@cov.com
          bbrinkmann@cov.com
          aberengaut@cov.com
          mcrowley@cov.com

S. Conrad Scott (D.C. Bar No. 1685829; *pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: +1 (212) 841-1000
Facsimile: +1 (212) 841-1010
Email: cscott@cov.com

*Attorneys for Plaintiffs*